Pregerson, J.,
dissenting:
I dissent. I wish to make two points concerning the unfairness of our immigration laws in the case before us.
First, this case reveals the inequity of our court’s cramped interpretation of 8 C.F.R. § 287.3(c). Under that regulation, noncitizens arrested without warrant by an immigration officer are required to receive Miranda-like advisals. However, our court has held that the right to receive those advisals attaches only after a Notice to Appear has been filed in an immigration court, See Samayoa-Martinez v. Holder, 558 F.3d 897, 901 (9th Cir. 2009). This rule was brought to bear on petitioners Rodolfo Arteaga-Godinez and Brenda Torres-Ponce, as they were detained and interrogated without advisals several days before the government filed a Notice to Appear. The statements obtained during those interrogations were then used against the petitioners in their removal proceedings.
In a case like this, the initial interrogation—which usually occurs before the government has filed a Notice to Appear—is often the only interrogation. If a detainee is not read his or her rights before that interrogation, the Miranda-like advisals from § 287.3(c) are rendered meaningless. After all, what is the use of warning a person that “any statement made may be used against him or her” when the government has already conducted its interrogation, filed a Notice to Appear, and often has no need to obtain any further incriminating statements? How can courts defend a practice that' purports to offer nonciti-zens an important procedural right, yet only does so when that right has little, if any, value?
Second, this case is another example of the cruelty with which our immigration laws tear families apart. Rodolfo came to the United States in 1990 at age 9 and became a lawful permanent resident in 1994. Brenda came to the United States in 1990 at age 7 and became a lawful permanent resident in 2004. Rodolfo and Brenda were legally married in September 2001. At the time of their removal proceedings, the couple had a United States citizen child, and Brenda was pregnant. Rodolfo has consistently worked in construction and aspires to attend college to become a welder. Brenda has worked at a medical office and volunteers at her son’s school.
Rodolfo and Brenda maintain a close and strong bond with their family in the United States. Rodolfo’s mother, three of *226 his brothers, and one sister are all permanent legal residents of the United States, and he has another sister who is a United States citizen. Brenda’s parents are both lawful permanent residents and her brother is a United States citizen. If Rodolfo and Brenda are removed, their children will either grow up in the United States without their parents or be compelled by-circumstances beyond their control to move to a country they do not know. I decline to be a party to such an unkind and cruel result.